Mark D. Mailman, I.D. No. MDM 1122
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DOMINICK DIVENCENZO ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **Civil Action No.** |
| ) | **COMPLAINT** |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC. ) | **JURY TRIAL DEMANDED** |
|     and ) | |
| INTEGRITY PROFESSIONAL SOLUTIONS, ) | **NON-ARBITRATION** |
| INC. ) | |
| Defendants. ) | |

## COMPLAINT

### I. Preliminary Statement

1.  This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and various other state laws.

### II. Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

4. Plaintiff Dominick Divencenzo is an adult individual who resides at 525 Dotterel Road, Unit 36B, Del Ray Beach, FL 33444.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity which regularly conducts business in the state of New Jersey, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant Integrity Professional Solutions, Inc. is a business entity that regularly conducts business in the state of New Jersey, and which has a principal place of business located at 2680 Horizon Dr SE, STE B2, Grand Rapids, MI 49546. The principal purpose of Defendant Integrity Professional Solutions, Inc. is the collection of debts using the mails and telephone, and Defendant Integrity Professional Solutions, Inc. regularly attempts to collect debts alleged to be due another.

### IV. Factual Allegations

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes, but is not limited to, an account with Integrity Professional Solutions, Inc.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff.

2

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has repeatedly disputed the inaccurate information with the Defendants by both oral and written communications to their representatives and by Experian's established procedure for disputing consumer credit information.

12. Plaintiff has repeatedly disputed the inaccurate information with Defendant Experian on multiple occasions, including but not limited to, June of 2009.

13. In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendant Experian with extrinsic written documentation corroborating Plaintiff's disputes.

14. Notwithstanding Plaintiff's efforts, Defendant Experian has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant Experian has repeatedly published and disseminated consumer reports to such third parties, including but not limited to, from June 2009 through the present.

15. Despite Plaintiff's efforts, Defendant Experian has never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and 4) requested or obtained any other relevant documents from the entities furnishing the inaccurate information.

16. Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the Integrity Professional Solutions, Inc. account with the Defendant Integrity Professional Solutions, Inc. Notwithstanding Plaintiff's disputes, Integrity Professional Solutions, Inc. has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above accounts as disputed and have continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, and have continued to report the derogatory inaccurate information about the Plaintiff.

18. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

19. Plaintiff's credit reports and file have been obtained from Defendant Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from

Case 1:03-cv-08480-JSR Document 54 Filed 02/10/11 Page 4 of 16

receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

21. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

5

## V. CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. Experian)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's disputes to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the disputes of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

6

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit files after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's disputes of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

30. The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO - FCRA
**(Plaintiff v. Integrity Professional Solutions, Inc.)**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7

32. At all times pertinent hereto, Defendant Integrity Professional Solutions, Inc. was a "person" as that term defined by 15 U.S.C. § 1681a(b).

33. Defendant Integrity Professional Solutions, Inc. violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's accounts provided to Defendant Integrity Professional Solutions, Inc.;

(c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant Integrity Professional Solutions, Inc. and which proved that the information concerning the Plaintiff's credit reports were inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

34.     Defendant Integrity Professional Solutions, Inc.'s conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant Integrity Professional Solutions, Inc. is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

### COUNT THREE - DEFAMATION
**(Plaintiff v. Experian & Integrity Professional Solutions, Inc.)**

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     Defendants have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

37.     Defendants have published these statements each time a credit report on the Plaintiff have been requested from any creditor, prospective credit grantors furnisher or other source.

38.     The statements made by Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

39.     Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit reports.

40.     The written statements and publications constitute libel per se.

41. The oral statements and publications constitute slander per se.

42. In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

43. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT FOUR – FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. Integrity Professional Solutions, Inc.)

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendant Integrity Professional Solutions, Inc. is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

46. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

47. The above disputes by Plaintiff and the reporting of the inaccurate information to credit reporting agencies by Defendant Integrity Professional Solutions, Inc. are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

48. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

49. Defendant Integrity Professional Solutions, Inc. violated the FDCPA. Defendant Integrity Professional Solutions, Inc.'s violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

  a) The false representation of the amount, character or legal status of a debt;

  b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

  c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

50. Defendant Integrity Professional Solutions, Inc.'s acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

51. As a result of the above violations of the FDCPA, Defendant Integrity Professional Solutions, Inc. is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT FIVE - NEGLIGENCE
(Plaintiff v. Experian)

52. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

53. Defendant Experian's negligence consists of the following:

  (a) Violating the FCRA as set forth above;

11

(b) Failing to provide prompt notice of the inaccurate information to creditors;

(c) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(d) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(e) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

54. As a result of Defendant Experian's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

55. The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**COUNT SIX - NEGLIGENCE**
**(Plaintiff v. Integrity Professional Solutions, Inc.)**

56. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

57. Defendant Integrity Professional Solutions, Inc.'s negligence consists of the following:

(a) Violating the FCRA as set forth above;

(b) Violating the FDCPA as set forth above;

12

(c) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(d) Failing to review all relevant information concerning Plaintiff's account that was sent to Defendant Integrity Professional Solutions, Inc.;

(e) Failing to report the results of investigations to the relevant consumer reporting agencies;

(f) Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendant Integrity Professional Solutions, Inc. originally furnished information;

(g) Failing to delete or correct the inaccurate information; and

(h) Failing to note the disputed status of the inaccurate information on all credit reports.

58. As a result of Defendant Integrity Professional Solutions, Inc.'s above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

59. The conduct of Defendant Integrity Professional Solutions, Inc. was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Integrity Professional Solutions, Inc. is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### COUNT SEVEN – INVASION OF PRIVACY/FALSE LIGHT
**(Plaintiff v. Experian & Integrity Professional Solutions, Inc.)**

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

13

61. Defendants' above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

62. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

63. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI. JURY TRIAL DEMAND

64. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

14

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o and 1692k;

(e)     An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Defendant Experian send to all persons and entities to whom they have reported Plaintiff's inaccurate information Plaintiff's updated and corrected credit report information; and

(g)     Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark D. Mailman and Gregory J. Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

Case 1:33-av-00001 Document 154 Filed 02/10/17 Page 15 of 16

**ARBITRATION CERTIFICATION**

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark Mailman*
           MARK D. MAILMAN, ESQUIRE
           GREGORY J. GORSKI, ESQUIRE
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

        Attorneys for Plaintiff

Dated: February 17, 2010